Omar SANCHEZ–RODRIGUEZ, a.k.a. Octavio Soto–Ramirez, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–72530.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

James B. Rudolph, Esquire, Rudolph, Baker & Associates, San Diego, CA, for Petitioner.

Annette Marie Wietecha, Trial, OIL, U.S. Department of Justice, Washington, DC, ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

## MEMORANDUM **

Omar Sanchez–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's determination that Sanchez–Rodriguez failed to demonstrate the exceptional and extremely unusual hardship necessary for cancellation of removal. *See Vilchiz–Soto v. Holder,* 688 F.3d 642, 644 (9th Cir.2012) (order) ("[A]bsent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship. . . .").

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sanchez–Rodriguez's contentions that the agency improperly applied the legal standard for exceptional and extremely unusual hardship to the facts of his case and improperly weighed his evidence of hardship are not colorable questions of law that would invoke our jurisdiction. *See De Mercado v. Mukasey,* 566 F.3d 810, 816 (9th Cir.2009); *Bazua–Cota v. Gonzales,* 466 F.3d 747, 749 (9th Cir.2006) (per curiam).

**PETITION FOR REVIEW DISMISSED.**